WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Gary Craig Solomon,

              Plaintiff,

v.

Town of Taylor, et al.,

              Defendants.

No. CV-15-08164-PCT-GMS

**ORDER**

Pending before the Court are Defendants' motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) (Doc. 14), Plaintiff's motion to amend (Doc. 34), and Defendants' motion to strike (Doc. 40).  For the following reasons, the Court grants Defendants' motions and denies Plaintiff's motion.

## BACKGROUND[1]

Plaintiff alleges that at some point prior to 2013, Defendant Town of Taylor ("Town") contracted with Hatch Development Company, LLC and other parties to develop an industrial park in the Town. (Doc. 1 at 2, Ex. A.)  Hatch did not possess the proper licensing and insurance to do the work, which included "hook[ing] up sewer lines . . . ." (Doc. 1 at 2.)  Hatch began, yet may not have finished, the contract work, leaving "trenches that were open with no back fill to prevent harm to the public." (*Id.*)  The

---

[1] The Court construes Plaintiff's complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("It is settled law that the allegations of [a pro se plaintiff's] complaint, 'however inartfully pleaded' are held 'to less stringent standards than formal pleadings drafted by lawyers.'") (citations omitted).

Town then hired Plaintiff to finish the project, but did not inform him that Hatch's previous work was done without a proper license, insurance, or ADQ approval. (*Id.*)

In July 2008, individuals who owned property adjacent to the industrial park sued the Town, Hatch, Plaintiff, and other parties claiming that the parties negligently constructed the industrial park sewer system causing their property to flood. (*See id.*; Doc. 14 at 3.) Plaintiff alleges that the Town hired Plaintiff "as a scapegoat to cover the Hatch Development negligence." (Doc. 1 at 2.) And when Plaintiff sought information to defend himself in the lawsuit, Eric Duphie, the Town's manager, refused to disclose any information about the "Palmer Trust" or any other paperwork that would "make the Taylor Family responsible . . . ." (*Id.*) Accordingly, Plaintiff argues that the Town "clearly and visibility (sic) violated my constitutional rights not allowing me to get information to defend myself." (*Id.*) Plaintiff allegedly did not know that Hatch performed the original construction work lacking the proper documentation until some point in 2013, long after the 2008 lawsuit settled. (*Id.*)

Plaintiff also alleges that the state court judge who presided over the 2008 lawsuit "showed extreme prejudice against me and my family because of the relationship between" the state court judge and another judge on the same court. (*Id.* at 3.) Plaintiff also complains of being deprived of the chance to "step one foot inside the courtroom." (*Id.* at 2.)

**DISCUSSION**

**I.    Legal Standard**

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint need contain only "enough facts to state a claim for relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations. *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To show that the plaintiff is entitled to relief, the complaint must permit the court to infer more than a mere possibility of misconduct. *Id.*

## II. Analysis

Plaintiff argues that Defendants deprived him of his civil rights pursuant to 42 U.S.C. §§ 1981, 1983,[2] 1985, 1988, and 18 U.S.C. § 242.

### A. Section 1983

To state a claim for relief in an action brought under § 1983, Plaintiff must allege "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (*quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). Accordingly, "a section 1983 plaintiff must allege an independent substantive basis for relief." *Crumpton*, 947 F.2d at 1420.

Plaintiff fails to aver any independent substantive basis for relief triggered by an articulated violation of some federally protected right.[3] *Id.* Rather, in count one, Plaintiff

---

[2] Plaintiff's complaint does not specifically raise § 1983. Nonetheless, the Court, assumes Plaintiff intended to raise § 1983 since he cited the statute in his original civil cover sheet. Defendants also drafted their motion under the same assumption. (Doc. 14 at 2.)

[3] The Court raises this dispositive issue *sua sponte* since it involves its subject matter jurisdiction. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) ("[A]

- 3 -

conclusively asserts that Defendants violated his civil rights when they allegedly refused to disclose information about the "Palmer Trust" and other subjects Plaintiff contends he could have used to defend himself in the 2008 civil lawsuit.  And in count two, Plaintiff alleges that the state court judge who presided over the 2008 lawsuit showed him "extreme prejudice" because of the relationship between the judge and another judge allegedly related to Hatch.

Even if the Court assumed "all allegations of material fact . . . to be true and construed [them] in the light most favorable" to Plaintiff, nothing in the complaint allows the Court to draw a reasonable inference that the Defendants are plausibly liable, under count one or count two, for some violation of the Constitution or federal statute. *See id*. In other words, Plaintiff fails to raise any colorable federal claim.  Consequently, Plaintiff's § 1983 claim is dismissed.

### B. Section 1981

§ 1981 "provides an action for discrimination based on race." *Jones v. Bechtel*, 788 F.2d 571, 574 (9th Cir. 1986).  Plaintiff's complaint never mentions race or any discrimination whatsoever.  His § 1981 claim is therefore dismissed.

### C. Section 1985

"When two or more persons conspire to deny any person equal protection, the injured party may have an action for damages under . . . § 1985(3).  The statute has been construed to require a racially or otherwise 'invidiously discriminatory animus' behind the conspirator's action." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (*quoting Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).  Plaintiff's complaint raises no, racial or otherwise invidious, claim for discrimination; therefore, the cause of action is dismissed.

///

///

---

court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . .").

- 4 -

### D. Section 1988

At its center, § 1988 governs the ability of a district court to award a prevailing party its attorney's fees in a lawsuit asserting certain federal causes of action. The statute does not confer on Plaintiff a separate cognizable claim. Plaintiff's § 1988 cause of action is thus dismissed.

### E. Section 242

18 U.S.C. § 242 is a criminal statute that "provide[s] no basis for civil liability." *Aldabe*, 616 F.2d at 1092. Accordingly, the claim is dismissed.

### F. Untimeliness and Failure to respond

On October 20, 2015, the Court ordered Plaintiff to respond to Defendants' motion to dismiss by November 3, 2015; otherwise, the Court may consider Plaintiff's failure to respond as consent to the granting of Defendants' motion. (Doc. 33.) Plaintiff filed a "motion not to dismiss" on November 4, 2015. (Doc. 34.) The motion failed to respond to Defendants' motion to dismiss. In fact, the motion consisted entirely of an amended complaint raising only Arizona state law claims over which this Court has no jurisdiction. Therefore, in accordance with the Court's October 20, 2015 order, Plaintiff's failure to respond to Defendants' motion to dismiss serves as consent to granting the motion.

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss.[4]

---

[4] Plaintiff filed a third amended complaint on February 2, 2016. (Doc. 39.) Plaintiff filed his initial complaint on August 25, 2015, and Defendants' filed their motion to dismiss on September 21, 2015. Accordingly, Federal Rule of Civil Procedure Rule 15(a)(1) prevents Plaintiff from filing an amended complaint without leave of the Court or the Defendants. Fed. R. Civ. P. 15(a)(2); LRCiv. 15.1. Plaintiff did not receive consent nor did he file a motion for leave to amend; therefore, Plaintiff's amended complaint is dismissed.

The Court does not rule on the merits of Plaintiff's third amended complaint. That said, the complaint couches Plaintiff's six "counts" as violations of § 1983; however, none of the six causes of action seem to assert a violation of any recognized substantive federal right. As noted above, "[§] 1983 is not itself a source of substantive rights[.]" *Albright*, 510 U.S. at 271 (internal quotation marks and citations omitted). "[A] section 1983 plaintiff must[, therefore,] allege an independent substantive basis for relief." *Crumpton*, 947 F.2d at 1420.

**IT IS THEREFORE ORDERED:**

1. The Court **GRANTS** Defendants' motion to dismiss (Doc. 14).

2. The Court **DENIES** Plaintiff's motion to amend complaint (Doc. 34).

3. The Court **GRANTS** Defendants' motion to strike Plaintiff's amended complaint (Doc. 40).

4. The Clerk of Court is directed to enter judgment accordingly.

Dated this 22nd day of March, 2016.

*G. Murray Snow*
Honorable G. Murray Snow
United States District Judge